CAPTAIN A. D. HANSEN *v.* UNITED STATES

No. 4459.—Seizure No. 1508.

Arrived at San Francisco, Calif., January 14, 1936.

(Decided November 28, 1938)

*Philip Stein* for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Samuel D. Spector* and *Richard F. Weeks,* special attorneys), for the defendant.

DALLINGER, Judge: This so-called appeal to reappraisement involves certain Chinese wearing apparel and other articles illegally imported into the port of San Francisco in January 1936, and then and there seized by the customs officials.

At the hearing held before me at that port on February 16, 1938, no evidence was offered by either side, the appeal having been submitted on the official record. Thereupon counsel for the Government moved to dismiss the appeal contending that this court had no jurisdiction thereof.

From the record it appears that while the steamship *General Lee* was at Shanghai, China, a Chinese peddler intrusted to the ship's barber a particular suit case containing certain articles intended for sale to passengers in the hope that a profit might accrue. When the vessel arrived at San Francisco the barber was taken sick and died, leaving the suit case on board. On its return trip to Shanghai the peddler boarded the vessel and inquired for the barber. Apparently he met the new barber to whom he related the circumstances under which the suit case was left on board the vessel. When the vessel next reached San Francisco the new barber informed the ship's steward of the incident. The latter consulted the deceased barber's widow who authorized the return of the suit case and contents to the Chinese peddler; but when the vessel arrived at Shanghai the peddler failed to appear and claim his property. Thereafter the whole matter seems to have been forgotten until the customs officers at San Francisco discovered and seized the suit case and its contents.

Captain A. D. Hansen, the plaintiff herein, as master of the vessel, was fined, under section 584 of the Tariff Act of 1930, for not including the suit case and contents in filing a ship's manifest. He appealed to the Secretary of the Treasury, under section 618 of said act, for remission or mitigation of said fine, but the latter withheld relief. Whereupon, the plaintiff filed this appeal for reappraisement, and also a protest (No. 926956-G), which is still pending.

The sole question involved herein is whether or not this court has jurisdiction to entertain this appeal.

So far as here applicable the law affecting this issue is set forth in the following pertinent provisions of said tariff act:

SEC. 584. FALSITY OR LACK OF MANIFEST—PENALTIES.

\* \* \* and if any merchandise, including sea stores, is found on board of or after having been unladen from such vessel or vehicle which is not included or described in said manifest or does not agree therewith, the master of such vessel or the person in charge of such vehicle or the owner of such vessel or vehicle shall be liable to a penalty equal to the value of the merchandise so found or unladen, and any such merchandise belonging or consigned to the master or other officer or to any of the crew of such vessel, or to the owner or person in charge of such vehicle, shall be subject to forfeiture \* \* \*.

SEC. 606. SAME [SEIZURE]—APPRAISEMENT.

The collector shall require the appraiser to determine the domestic value, at the time and place of appraisement, of any vessel, vehicle, merchandise, or baggage seized under the customs laws.

SEC. 618. REMISSION OR MITIGATION OF PENALTIES.

Whenever any person interested in any vessel, vehicle, merchandise, or baggage seized under the provisions of this Act, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury * * * before the sale * * * a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, * * * if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto. * * *

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT.

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is * * * filed by the consignee or his agent with the collector within thirty days * * *. No such appeal filed by the consignee or his agent shall be deemed valid unless he has complied with all the provisions of this Act relating to the entry and appraisement of such merchandise. * * *

SEC. 402. VALUE.

(a) BASIS.—For the purposes of this Act the value of imported merchandise shall be—

(1) The foreign value or the export value, whichever is higher;
(2) * * * the United States value;
(3) * * * the cost of production;
(4) * * * the American selling price of such article.

We agree with counsel for the Government that this court is without jurisdiction in the premises for the following reasons:

1. An appeal to reappraisement lies only under section 501 of the Tariff Act of 1930, which contemplates as a condition precedent a formal entry of the merchandise. *Oriental Trading Art & Looms Co.* v. *United States*, T. D. 44725, 59 Treas. Dec. 650, and cases cited therein.

2. Said section 501 specifically provides that an appeal to reappraisement may be filed only by the consignee of the merchandise or his agent; and section 483 of said act defines a consignee as the person to whom the merchandise is consigned, or the holder of a bill of lading endorsed by the consignee therein named, or the underwriters of abandoned merchandise, or the person making entry on a carrier's certificate or duplicate bill of lading.

In the case of *United States* v. *Gas Screw "Irene C,"* T. D. 44075, 57 Treas. Dec. 879, it was held that in the absence of any indication as to the ownership of the cargo, or as to the person to whom it was consigned, either on the ship's papers or on the merchandise itself, the master of the vessel is presumed to be the consignee.

In that case, as well as in two other cases cited in said decision, certain cargoes of liquor had been shipped on board the vessel evidently by some unknown persons with the master's knowledge, and were seized by the customs officers. The master sought to hide behind the technicality of the absence of a named consignee. The court, in order to confound this specious plea, invoked the legal fiction that for a limited purpose the master might be deemed to be the consignee under such circumstances. Obviously, this doctrine has no application to the case at bar.

3. An appeal to reappraisement contemplates as a condition precedent an appraisement made pursuant to the provisions of section 402, *supra;* and the evaluating of the involved articles under section 606, *supra,* is not an appraisement pursuant to the provisions of said section 402.

Section 584, *supra,* exacts a penalty based upon the value of the goods seized, and said section 606 requires the appraiser to ascertain the domestic value of said goods, not for the purpose of assessing duty but simply in order to determine the amount of penalty.

Where merchandise is regularly entered, appraisement thereof is admittedly regulated by section 402, *supra.* But where merchandise is not regularly entered, and therefore is subject to seizure, the process of determining the value thereof is regulated by said section 606, under which the appraiser ascertains the "Domestic value" thereof, a term while not defined in the Tariff Act of 1930 is defined in article 1105 (*b*) of the Customs Regulations of 1931.

4. Forfeitures and suits in forfeiture are not within the jurisdiction of this court. *Sheldon & Co. et al.* v. *United States,* 8 Ct. Cust. Appls. 215, T. D. 37455. Nor is the determination of the Secretary of the Treasury not to remit or mitigate the penalty subject to review. *J. K. Clarke* v. *United States,* 17 C. C. P. A. 420, T. D. 43866; *Stone & Downer Co.* v. *United States,* 11 Ct. Cust. Appls. 484, T. D. 39626.

For the foregoing reasons the motion of counsel for the Government to dismiss the appeal for lack of jurisdiction is hereby granted.

The appeal is therefore dismissed and judgment will be rendered accordingly.